[Cite as *State v. Keith*, 2016-Ohio-5234.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 103413 and 103414**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# BENJAMIN R. KEITH

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-576446-A and CR-15-595077-A

**BEFORE:** E.T. Gallagher, J., McCormack, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** August 4, 2016

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
Michael H. Murphy, Attorney at Law
20325 Center Ridge Road
Suite 512
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Gregory J. Ochocki
Assistant Prosecuting Attorneys
The Justice Center, 8th and 9th Floors
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** In this consolidated appeal, defendant-appellant, Benjamin Keith ("Keith"), appeals from his sentences in Cuyahoga C.P. Nos. CR-13-576446-A and CR-15-595077-A. He raises two assignments of error for our review:

1. The sentence handed down by the trial court was not commensurate with the crime committed.

2. Appellant was not afforded effective assistance of counsel.

**{¶2}** After careful review of the record and relevant case law, we affirm Keith's sentence and conviction.

## I. Factual and Procedural History

**{¶3}** In July 2013, Keith was indicted in Case No. CR-13-576446-A for domestic violence in violation of R.C. 2919.25(A), with a furthermore clause that Keith had previously been convicted of domestic violence and criminal menacing. In November 2013, Keith pleaded guilty to an amended count of domestic violence, a felony of the fourth degree. Keith was sentenced to 45 days in jail and was placed on community control sanctions for a period of two years.

**{¶4}** While on community control sanctions, Keith pleaded guilty in Case No. CR-15-595077-A to criminal damaging in violation of R.C. 2909.06(A)(1), a second-degree misdemeanor, and domestic violence in violation of R.C. 2919.25(A), a felony of the third degree.

**{¶5}** In July 2015, the trial court held a consolidated sentencing hearing. In Case No. CR-15-595077-A, Keith was sentenced to 18 months in prison on the domestic

violence conviction and 90 days in jail on the criminal damaging conviction, to run concurrently. In Case No. CR-13-576446-A, Keith was found to have violated the terms of his community control sanctions and was sentenced to 18 months in prison. The sentences imposed in each case were ordered to run concurrently, for a total of 18 months in prison.

{¶6} Keith now appeals from his sentence.

## II. Law and Analysis

### A. Proportionality

{¶7} In his first assignment of error, Keith argues the trial court's sentence "was not commensurate with the crime committed."

{¶8} When reviewing felony sentences, this court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if we clearly and convincingly find that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. R.C. 2953.08(G)(2). A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. In *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, the Ohio Supreme Court held that when a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts

"may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id*. at ¶ 23.

**{¶9}** When sentencing a defendant, the court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. R.C. 2929.11(A) provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. The sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶10}** The sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *Hodges* at ¶ 9. R.C. 2929.12 provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶11}** R.C. 2929.11 and 2929.12 are not fact-finding statutes. Accordingly, although the trial court must consider the principles and purposes of sentencing as well as the mitigating factors as outlined above, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13. Consideration of the appropriate factors can be presumed unless the defendant affirmatively shows otherwise. *Id.*, citing *State v. Stevens*, 1st Dist. Hamilton No. C-130278, 2013-Ohio-5218, ¶ 12. Moreover, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is sufficient to fulfill a trial court's obligations under R.C. 2929.11 and 2929.12. *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72, citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

**{¶12}** In challenging the length of his sentence, Keith relies on former R.C. 2929.14(C). Under former R.C. 2929.14(C), prior to imposing maximum sentences for felony convictions, trial courts were required to make certain findings, including, inter alia, that the offender committed the worst form of the offense. *See State v. Combs*, 2d Dist. Clark No. 2013-CA-6, 2013-Ohio-4816, ¶ 7. However, that part of the statute was severed, on constitutional grounds, in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and was not reenacted by the passage of H.B. 86. *Id.* at ¶ 8-11. Thus, our review is limited to whether the trial court's sentence was contrary to law.

**{¶13}** In this case, the record reflects that the trial court carefully considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. In addition to the trial court's notation in its July 2015 sentencing entry that it "considered all required factors of law," including R.C. 2929.11, the record in this case reflects that the trial court did, in fact, consider both R.C. 2929.11 and 2929.12. At the consolidated sentencing hearing, the trial court made the following statement on the record:

> Now, in giving you this sentence, I have considered all the factors involved in sentencing, and I think based on all of the factors that make this more serious and all of the factors that make it less serious, this is an appropriate sentence for you.

**{¶14}** Based on the foregoing, it is clear that the trial court properly considered both R.C. 2929.11 and 2929.12 when sentencing Keith. In doing so, the trial court expressly considered Keith's presentence investigation report, the seriousness of the domestic violence offenses involved, his criminal history, and his history of violence. Under these circumstances, Keith has not shown by "clear and convincing evidence that the record does not support the sentence." *See Marcum*, Slip Opinion No. 2016-Ohio-1002, at ¶ 23.

**{¶15}** Moreover, the record reflects that the trial court sentenced Keith within the applicable statutory ranges for his third- and fourth-degree felony convictions. R.C. 2929.14(A)(3)(b) provides, "[f]or a felony of the third degree * * * the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Furthermore, R.C. 2929.14(A)(4) provides, "[f]or a felony of the fourth degree, the prison term shall be six,

seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." In this case, the trial court imposed an 18-month prison term for Keith's third-degree felony domestic violence conviction in Case No. CR-15-595077-A. Similarly, the trial court imposed an 18-month prison term on the underlying fourth-degree felony domestic violence conviction in Case No. CR-13-576446-A as a result of his community control sanctions violation. Thus, Keith's sentences were within the permissible statutory range.

{¶16} While Keith argues the imposition of the maximum prison term in Case No. CR-13-576446-A was "more punitive in nature than fair," this court has routinely held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences." *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Therefore, a sentence imposed within the statutory range is "presumptively valid" if the court considered applicable sentencing factors. *State v. Hutchinson*, 8th Dist. Cuyahoga No. 102856, 2016-Ohio-927, ¶ 18. Having determined that the trial court considered all required sentencing statutes, we find Keith's sentences, including the maximum prison term imposed in Case No. CR-13-576446-A, are not contrary to law.

{¶17} Accordingly, Keith's first assignment of error is overruled.

### B. Ineffective Assistance of Counsel

**{¶18}** In his second assignment of error, Keith argues he received ineffective assistance of counsel.

**{¶19}** To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001).

**{¶20}** In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95.

**{¶21}** In this case, Keith argues defense counsel provided deficient performance when he failed to request a substance abuse assessment prior to sentencing in Case No. CR-15-595077-A. Keith contends that "defense counsel's inactivity unduly prejudiced his case," because "the facts are clear that Keith has a substance abuse problem, specifically alcohol."

**{¶22}** After careful review of the record in its entirety, we are unable to conclude that counsel's decision not to request a substance abuse assessment amounted to ineffective assistance of counsel. While the record contains a brief reference to Keith's positive alcohol tests while under community control sanctions and his prior conviction

for driving under the influence, Keith did not attribute his domestic violence convictions to substance abuse. Rather, he stated that "[his] main problem was not recognizing when his relationship [with the victim] was over."

**{¶23}** Based on the record before this court, Keith has failed to demonstrate that trial counsel's actions fell below an objective standard of reasonable representation. Furthermore, he has failed to articulate how the outcome of his plea or sentencing proceedings would have been different had counsel requested a substance abuse assessment. Accordingly, Keith has failed to support his claim that he was denied his constitutional right to effective assistance of counsel.

**{¶24}** Keith's second assignment of error is overruled.

### III. Conclusion

**{¶25}** The trial court's imposition of concurrent 18-month prison terms in Case Nos. CR-13-576446-A and CR-15-595077-A is not contrary to law. The trial court imposed a sentence within the applicable statutory ranges and carefully considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. Further, defense counsel was not ineffective for failing to request a substance abuse assessment prior to sentencing.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

TIM McCORMACK, P.J., and
MARY J. BOYLE, J., CONCUR