[Cite as *State v. Combs*, 2018-Ohio-4783.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106752**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**BERNARD COMBS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-620096-A

**BEFORE:**   Kilbane, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:**   November 29, 2018

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road, #613
Cleveland, Ohio 44118


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Glen Ramdhan
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Bernard Combs ("Combs"), appeals his drug trafficking sentence. For the reasons set forth below, we affirm.

{¶2} In October 2017, Combs was charged in an eight-count indictment. Counts 1, 3, 5, and 7 charged him with drug trafficking and Counts 2, 4, 6, and 8 charged him with drug possession. Each of the charges carried several forfeiture specifications. Pursuant to a plea agreement with the state, Combs pled guilty to Counts 1, 3, and 5. Each count was amended to delete automobile forfeiture specifications, but the other forfeiture specifications remained. Counts 2, 4, 6, 7 and 8 were nolled. The matter was then set for sentencing, and the trial court referred Combs for a presentence investigation report ("PSI").

{¶3} At the hearing, defense counsel argued that the offenses should merge for purposes of sentencing. The state opposed, arguing that the offenses do not merge because each count was for a different type of drug. The trial court found that the offenses do not merge and sentenced Combs to an aggregate of 18 months in prison — 12 months on Count 1 and 18

months on each of Counts 3 and 5, to be served concurrently.

{¶4} Combs now appeals, raising the following three assignments of error, which shall be discussed together where appropriate.

### Assignment of Error One

It was error to sentence [Combs] to maximum sentences on felony five and four.

### Assignment of Error Two

It was error to sentence [Combs] to concurrent time for allied offenses of similar import.

### Assignment of Error Three

It was error to sentence [Combs] absent considering R.C. 2929.12 and by failing to consider the suitability of the sentence.

{¶5} In the first and third assignments of error, Combs argues that the maximum sentences on Counts 1, 3, and 5 (fourth- and fifth-degree felonies) were in violation of R.C. 2929.11 and 2929.12. Specifically, that his sentence was disproportionate to the severity of the offenses, and the court did not consider the factors enumerated in R.C. 2929.12.

{¶6} We review felony sentencing using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

**{¶7}** As long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12, a trial court's imposition of a maximum prison term for a felony conviction is not contrary to law. *State v. Woodard*, 8th Dist. Cuyahoga No. 106300, 2018-Ohio-2402, ¶ 35; *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 10, 16.

**{¶8}** R.C. 2929.11(A) provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. The sentence imposed shall "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶9}** The sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *Keith* at ¶ 10, citing *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025. R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶10}** We recognize that R.C. 2929.11 and 2929.12 are not fact-finding statutes. *Keith* at ¶ 11. As a result, the trial court is not required to use particular language or make specific findings on the record regarding its consideration of those factors. *Id.*, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381; *State v. Jones*, 8th Dist. Cuyahoga No.

99759, 2014-Ohio-29. Consideration of the appropriate factors can be presumed unless the defendant affirmatively demonstrates otherwise. *Jones* at ¶ 13, citing *State v. Stevens*, 1st Dist. Hamilton No. C-130278, 2013-Ohio-5218. "Moreover, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is sufficient to fulfill a trial court's obligations under R.C. 2929.11 and 2929.12." *Keith* at ¶ 11, citing *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112.

**{¶11}** In the instant case, a review of the record reveals the trial court's sentences for Combs's felony convictions are within the permissible statutory ranges under R.C. 2929.14(A). The trial court's sentencing journal entry provides that "[t]he court considered all required factors of the law. The court finds that prison is consistent with the purposes of R.C. 2929.11." At the sentencing hearing, the trial court considered information in Combs's PSI, directly referenced R.C. 2929.11, and discussed the R.C. 2929.12 factors. The court stated:

> The Court has considered the record, the oral statements made here today, and the [PSI].
>
> The Court has considered the purposes and principles of sentencing under Section 2929.11, and the seriousness and recidivism factors relevant to the offense and the offender pursuant to [R.C. 2929.12], and the need for deterrence, incapacitation, rehabilitation, and restitution.
>
> In terms of factors indicating that the offender's conduct is more serious, there are three separate counts of drug trafficking, three separate types of drugs, one a felony of the fifth degree, and two felonies of the fourth degree.
>
> In terms of recidivism being more or less likely, the PSI demonstrates that recidivism is in fact more likely given his criminal history or record of prior convictions. Mr. Combs had several juvenile delinquency adjudications as a juvenile. He's had prior felony convictions. He's not done well on probation when he's been given that opportunity in lieu of jail or prison time.

It's for these reasons that the Court finds that a prison sentence is consistent with the purposes and principles of sentencing under Revised Code Section 2929.11, and that the defendant is not amenable to a community control sanction due to the seriousness of the defendant's conduct and because it is reasonably necessary to deter the offender in order to protect the public from future crimes and because it would not place an unnecessary burden on government resources.

Mr. Combs, it's been stated here today that you had a job; you have grandchildren. You have every good reason not to be trafficking in drugs. You have a history of drug trafficking and use[,] and so I would have thought by now you would have learned your lesson with regard to that, having other good things in your life.

* * *

With regard to the felony of the fifth degree, the Court is imposing a prison sentence of 12 months.

With regard to each of the trafficking offenses, the felonies of the fourth degree, the Court is imposing a prison term of 18 months.

Those will be run concurrently. So you will be serving a sentence of 18 months.

**{¶12}** Based on the foregoing, it is clear that the trial court properly considered both R.C. 2929.11 and 2929.12 when sentencing Combs. In doing so, the trial court expressly considered Combs's PSI, the nature of the offenses involved, his criminal history, and what Combs stated at sentencing. Under these circumstances, Combs has not shown by "clear and convincing evidence that the record does not support the sentence." *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, at ¶ 23; *Keith,* 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, at ¶ 14.

**{¶13}** Accordingly, the first and third assignments of error are overruled.

**{¶14}** In the second assignment of error, Combs contends that Counts 1, 3, and 5 (drug trafficking) are allied offenses and should have merged for purposes of sentencing.

**{¶15}** Under R.C. 2941.25(B), a defendant charged with multiple offenses may be convicted of all the offenses if: (1) the offenses are dissimilar in import or significance, (2) the

offenses were committed separately, or (3) the offenses were committed with separate animus or motivation. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph three of the syllabus._

{¶16} The *Ruff* court explained that two or more offenses are dissimilar within the meaning of R.C. 2941.25(B) "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus. Two or more offenses of dissimilar import are not subject to merger because the harm to each victim is "separate and distinct." *Id.* at ¶ 26.

{¶17} Here, Combs pled to three counts of drug trafficking with each count listing a different type of drug — heroin, methamphetamine, and fentanyl. Because these offenses are dissimilar in import or significance, the trial court properly found that these offenses do not merge for purposes of sentencing.

{¶18} Therefore, the third assignment of error is overruled.

{¶19} Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR