[Cite as *State v. Slack*, 2018-Ohio-4926.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| OKEY B. SLACK, II | : | Case No. 18-CA-003 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 17CR089


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               December 6, 2018


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

SEAN M. WARNER                            DAVID M. HUNTER
164 East Jackson Street                   244 West Main Street
Millersburg, OH  44654                    Loudonville, OH  44842

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Okey B. Slack, II, appeals his April 20, 2018 maximum sentence by the Court of Common Pleas of Holmes County, Ohio. Plaintiff-Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2} On November 6, 2017, the Holmes County Grand Jury indicted appellant on one count of domestic violence in violation of R.C. 2919.25 and one count of aggravated menacing in violation of R.C. 2903.21. Said charges arose from an incident involving appellant and his girlfriend.

{¶ 3} Pursuant to a plea agreement, appellant pled guilty to one count of abduction in violation of R.C. 2905.02 and the aggravated menacing count. By judgment entry filed April 20, 2018, the trial court sentenced appellant to an aggregate term of thirty-six months in prison.

{¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 5} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE FOR HIS FELONY CONVICTION."

I

{¶ 6} In his sole assignment of error, appellant claims the trial court erred in sentencing him to the maximum on his felony conviction. We disagree.

{¶ 7}   R.C. 2953.08 governs appeals based on felony sentencing guidelines. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.   Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.   The appellate court's standard for review is not whether the sentencing court abused its discretion.   The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 8}   Subsection (A)(1) provides the following, respectively:

(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty

to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:

(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 or section 2929.142 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:

(a) The sentence was imposed for only one offense.

(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.

{¶ 9}   "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 10} " 'An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant within the permissible statutory range.' "  *State v.*

*Garrison,* 5th Dist. Muskingum No. CT2017-0018, 2018-Ohio-463, ¶ 47, quoting *State v. Ahlers*, 12th Dist. Butler No. CA2015-06–100, 2016-Ohio-2890, ¶ 8.

{¶ 11} As noted by this court in *State v. Taylor,* 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶ 16:

> A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth [in] R.C. 2929.12. *State v. Keith,* 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 10, 16.

{¶ 12} Appellant pled guilty to a felony in the third degree. Pursuant to R.C. 2929.14(A)(3)(b), felonies of the third degree are punishable by "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." By judgment entry filed April 20, 2018, the trial court sentenced appellant to the maximum, thirty-six months. The trial court found with regard to R.C. 2929.12(B) "a more serious factor that the Victim suffered serious physical, psychological or economic harm and the offense was facilitated by Offender's relationship with the Victim." April 20, 2018 T. at 10.

{¶ 13} Appellant argues he should not have been sentenced to the maximum because the facts do not warrant such a sentence. He argues there is nothing in the record to support the trial court's finding that the offense was "more serious" because

there is no indication that the victim suffered "serious physical, psychological, or economic harm" under R.C. 2929.12(B)(2). We note the trial court also found "[t]he offender's relationship with the victim facilitated the offense" under R.C. 2929.12(B)(6).

{¶ 14} In appellant's plea of guilty form that he signed on February 12, 2018, appellant acknowledged he understood that the maximum penalty was thirty-six months. Pursuant to the negotiated plea, appellant was to receive eighteen months on the felony offense. However, as a plea condition, appellant agreed if he "violates any condition of bond, it will be revoked and State will recommend maximum sentences." Appellant was released on his own recognizance pending sentencing set for March 30, 2018. While awaiting sentencing, appellant violated the conditions of his bond.

{¶ 15} During the change of plea hearing, the trial court asked the prosecutor to recite the substance of the facts. February 12, 2018 T. at 11. The prosecutor stated when the police arrived on the scene, the victim, appellant's girlfriend, was hiding in a laundry room, hiding from appellant. *Id.* The victim told the officers as she and appellant spent the day together, he became increasingly irate. *Id.* A physical altercation broke out in the car and she attempted to get out of the vehicle by trying to jump out. *Id.* Appellant grabbed her and she "began to fight as hard as she could to break free from him." *Id.* "[S]he ended up getting dragged back into the car two (2) times and she finally got free and road (sic) down the road without her shirt that the Defendant had taken" off. *Id.* The victim had scratches on her back and was scared because appellant had "indicated he was going to kill her and at one point he had her pinned on the ground he said if she did not go with him he was going to kill the family." *Id.* at 12.

{¶ 16} During the sentencing hearing, the trial court noted it considered the presentence investigation report, the record in the case, the representations by counsel, and any victim impact statements. April 20, 2018 T. at 9. The trial court made extensive findings relative to the factors set forth in R.C. 2929.11 and 2929.12. *Id.* at 9-10.

{¶ 17} Upon review, we find the sentence imposed is not clearly and convincingly contrary to law. The sentence is within the statutory range for a felony of the third degree, and the trial court considered the R.C. 2929.11 and 2929.12 factors and properly imposed post-release control.

{¶ 18} The sole assignment of error is denied.

{¶ 19} The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/db 1120