[Cite as *State v. Grooms*, 2024-Ohio-6021.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                           No. 113739

    v.                           :

GERALD GROOMS, JR.,                     :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 26, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-681450-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney and Courtney M. Kirven, Assistant Prosecuting Attorney, *for appellee*.

The Law Office of Schlachet and Levy and Eric M. Levy, *for appellant*.

EMANUELLA D. GROVES, P.J.:

{¶ 1} Defendant-appellant, Gerald Grooms, Jr. ("Grooms"), appeals, alleging that the trial court erred in its restitution order, his conviction is against the manifest

weight of the evidence, and his sentence is contrary to law.  We affirm for the following reasons.

**Procedural History and Facts**

{¶ 2} Grooms was indicted on one count of theft in violation of R.C. 2913.02(A)(1), a fifth-degree felony, for conduct that occurred on May 5, 2023.  On January 10, 2024, the trial court continued the scheduled trial at the request of Grooms, noting that the reason for the continuance was for "[Grooms] to make full restitution of $4,300 to Saks 5th Avenue or the trial will begin . . . ." (Journal Entry, 01/10/24.)  A jury trial commenced on February 21, 2024.  The State called three witnesses, and the following evidence was adduced.

{¶ 3} On May 5, 2023, Grooms and a female accomplice entered Saks 5th Avenue and went to the handbag display.  An employee observed Grooms putting two Burberry designer bags, valued at $2,150 each, in a Dillard's bag.  When the employee attempted to confront Grooms, he told her to mind her own business and exited the store.  The employee observed Grooms and the accomplice getting into a gray Nissan.  Beachwood police investigated, discovered that Grooms was the owner of the gray Nissan, and obtained video footage of him in Saks 5th Avenue with his accomplice.  The store's video footage placed Grooms at the handbag display.

{¶ 4} The jury returned a guilty verdict, and Grooms was sentenced.  The sentencing entry states, "The court considered all required factors of the law.  The court finds that prison is consistent with the purposes of R.C. 2929.11. The court

imposes a prison sentence at Lorain Correctional Institution of 11 months." (Journal Entry, 02/22/24.) Grooms appealed and raised the following assignment of errors.

### Assignment of Error No. 1

The trial court committed plain error in ordering restitution prior to any trial or conviction.

### Assignment of Error No. 2

Grooms' theft conviction was entered against the manifest weight of the evidence.

### Assignment of Error No. 3

The trial court sentenced Grooms clearly and convincingly contrary to law where it did not consider the principles and purposes of felony sentencing or applicable sentencing factors prior to imposing sentence.

**Law and Analysis**

**Restitution**

{¶ 5} Grooms argues that the trial court committed plain error in ordering restitution prior to any trial or conviction. Plaintiff-appellee, State of Ohio ("State"), responds that the order of restitution was made in plea-negotiation efforts and indicated that if restitution was not paid then trial would proceed.

{¶ 6} It is well established in Ohio that a court of record only speaks through its journal. *Reynolds v. Nibert*, 2002-Ohio-6133, ¶ 13 (4th Dist.). *See In re Adoption of Gibson*, 23 Ohio St.3d 170 (1986); accord *Schenley v. Kauth*, 160 Ohio St. 109 (1953), paragraph one of the syllabus. Here, a review of the trial court's journal clearly indicates that either restitution was to be paid, or the trial would proceed. Since Grooms' trial proceeded, the trial court's January 10, 2024 journal entry is

moot and the restitution order is no longer in effect. We further note that the trial court's sentencing entry is silent as to restitution. Consequently, there is no existing restitution order. Accordingly, we overrule Grooms' first assignment of error.

**Manifest Weight**

{¶ 7} In his second assignment of error, Grooms argues that the weight of the evidence did not establish Saks 5th Avenue was the owner of the two purses that are the subject of the theft. Grooms claims there was only testimony that Saks 5th Avenue held the purses in inventory. Grooms further asserts that the value of the purses could be calculated differently because purses that are sold are not taken from the display, rather they are sold from the back.

{¶ 8} In order to evaluate whether a judgment or verdict is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the jury clearly lost its way in resolving conflicts in the evidence and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Jordan*, 2023-Ohio-3800, ¶ 17, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), and *State v. Martin*, 20 Ohio App.3d 172 (1st Dist. 1983). The Ohio Supreme Court has repeatedly held that "[a] manifest-weight challenge should be sustained ""only in the exceptional case in which the evidence weighs heavily against the conviction.""" *State v. Nicholson*, 2024-Ohio-604, ¶ 71, quoting *Thompkins* at *id.,* quoting *Martin* at 175; *State v. Hundley*, 2020-Ohio-3775, ¶ 80.

**{¶ 9}** R.C. 2913.02(A)(1) provides: "No person, with the purpose to deprive the owner of property . . . shall knowingly obtain or exert control over either the property . . . without the consent of the owner or person authorized to give consent[.]"  According to R.C. 2913.01(D), "owner" means "unless the context requires a different meaning, any person, other than the actor, who is the owner of, who has possession or control of, or who has any license or interest in property . . ., even though the ownership, possession, control, license, or interest is unlawful."

**{¶ 10}** Based on our review of the record, this is not the exceptional case contemplated by the Ohio Supreme Court where the evidence weighs heavily against conviction.  Two Saks 5th Avenue employees testified that the theft took place at Saks 5th Avenue and from its display table.  Thus, Saks 5th Avenue was the "owner" because it had possession or control of the purses and had a license or interest in the property.  The Saks 5th Avenue employees also testified that each purse was valued at $2,150.  Accordingly, we cannot say that the jury clearly lost its way in resolving conflicts in the evidence and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  Accordingly, Grooms' second assignment of error is overruled.

**Sentencing**

**{¶ 11}** In his third assignment of error, Grooms argues that the trial court's sentence was contrary to law because it did not consider the principles and purposes of felony sentencing or the applicable sentencing factors prior to imposing a sentence.

{¶ 12} A sentence is clearly and convincingly contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of sentencing set forth in R.C. 2929.11, and the sentencing factors set forth in R.C. 2929.12. *State v. Evans*, 2021-Ohio-1411, ¶ 12 (8th Dist.), citing *State v. Thompson*, 2018-Ohio-1393, ¶ 7 (8th Dist.).

{¶ 13} With respect to the first prong, the trial court sentenced Grooms to 11 months on his fifth-degree felony theft charge. Under R.C. 2929.14(A)(5), the term of imprisonment for a felony of the fifth degree is "a definite term of six, seven, eight, nine, ten, eleven, or twelve months." Consequently, the trial court's sentence of 11 months was within the statutory range.

{¶ 14} The second prong addresses whether the trial court failed to consider the purposes and principles of sentencing under R.C. 2929.11 and 2929.12. Under R.C. 2929.11(A), when sentencing for a felony, the trial court "shall be guided by the overriding purposes of felony sentencing" i.e., (1) "to protect the public from future crime by the offender and others," (2) "to punish the offender," and (3) "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Additionally, R.C. 2929.11(B) states:

> A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to

the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

R.C. 2929.12 provides further instruction, detailing seriousness and recidivism factors the trial court should consider when imposing a felony sentence.

{¶ 15} However, "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual finding on the record." *State v. Phillips*, 2021-Ohio-2772, ¶ 8 (8th Dist.), citing *State v. Jones*, 2020-Ohio-6729, ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). While the trial court must consider the factors delineated in R.C. 2929.11 and 2929.12, it "is not required to make specific findings on the record regarding its consideration of those factors, even when imposing a more-than-minimum sentence." *Phillips* at *id.*, citing *State v. Keith*, 2016-Ohio-5234, ¶ 11 (8th Dist.). Furthermore, the trial court is presumed to have considered the factors unless the defendant affirmatively demonstrates otherwise. *Id.*, citing *State v. Wright*, 2018-Ohio-965, ¶ 16 (8th Dist.).

{¶ 16} Here, Grooms claims that the trial court failed to consider the principles and purposes of felony sentencing pursuant to R.C. 2929.11 and the sentencing factors under R.C. 2929.12 prior to imposing his sentence. Grooms argues that because "no consideration was actually given," "no findings were actually made rendering the sentence contrary to law." Grooms also compares his sentence to his accomplice's two-year community-control sentence. We find Grooms' arguments are without merit.

{¶ 17} Before sentencing, the trial court stated, "You've got a very extensive record. You have at least 20 priors, many of which included theft. We talked about this before trial." This statement demonstrates that the court considered Grooms' lengthy criminal background. The trial court further stated in its sentencing entry that it "considered all required factors of the law." Since no findings are required, Grooms cannot support his claim that the trial court did not consider the purposes of sentencing and sentencing factors prescribed by R.C. 2929.11 and 2929.12. Consequently, we cannot say that Grooms' sentence is contrary to law. Accordingly, Grooms' third assignment of error is overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EMANUELLA D. GROVES, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
ANITA LASTER MAYS, J., CONCUR