[Cite as *State v. Bump*, 2012-Ohio-337.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

     Plaintiff-Appellee

-vs-

CHRISTOPHER M. BUMP

     Defendant-Appellant

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. W. Scott Gwin, J.
Hon. William B. Hoffman, J.

Case No. 11-COA-028

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Ashland County Common Pleas Court, Trial Court Number 11-CRI-008 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 27, 2012 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| RAMONA FRANCESCONI ROGERS | ERIN N. POPLAR |
| Ashland County Prosecutor | Erin Poplar Law, LLC |
| 110 Cottage Street, Third Floor | 1636 Eagle Way |
| Ashland, Ohio 44805 | Ashland, Ohio 44805 |
| | |
| PAUL T. LANGE | |
| Assistant Prosecuting Attorney | |
| 110 Cottage Street, Third Floor | |
| Ashland, Ohio 44805 | |

*Hoffman, J.*

**(¶1)** Defendant-appellant Christopher M. Bump appeals his sentence entered by the Ashland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE

**(¶2)** On February 25, 2011, the Ashland County Grand Jury indicted Appellant on one count of grand theft of a vehicle, in violation of R.C. 2913.02(A)(1), a fourth degree felony; one count of unauthorized use of a vehicle, in violation of R.C. 2913.02(A)(1), a fifth degree felony; and two counts of theft, in violation of R.C. 2913.02(A)(1), fifth degree felonies.  At arraignment, Appellant entered pleas of not guilty to all the charges.

**(¶3)** On April 26, 2011, Appellant changed his plea to guilty on Count II, unauthorized use of a vehicle and Count III, theft.  The State then moved to dismiss the remaining counts of the Indictment.

**(¶4)** Via Sentencing Entry of June 24, 2011, the trial court sentenced Appellant to ten months in prison on Count II, unauthorized use of a vehicle, and ten months on Count III, theft.  The court ordered the terms be served consecutively.

**(¶5)** Appellant now appeals, assigning as error:

**(¶6)** "THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE 10-MONTH SENTENCES FOR TWO FIFTH DEGREE FELONY CONVICTIONS SUCH THAT THE AGREEGATE [SIC] SENTENCE EXCEEDED THE MAXIMUM PRISON TERM ALLOWED BY OHIO REVISED CODE 2929.14(A) FOR THE MOST SERIOUS OFFENSE OF WHICH THE APPELLANT WAS CONVICTED, 12 MONTHS."

**(¶7)** The Supreme Court of Ohio in *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912 set forth a two step process for examining felony sentences. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." *Id.*

**(¶8)** The relevant sentencing law is now controlled by the Ohio Supreme Court's decision in *State v. Foster,* i.e. " * * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d 1, 30, 2006–Ohio–856 at ¶ 100, 845 N.E.2d 470, 498.

**(¶9)** The record herein reflects Appellant was sentenced to a prison term of ten months for the fifth degree felony of unauthorized use of a motor vehicle, and on the fifth degree felony of theft, the court ordered Appellant also serve ten months. The sentences were within the statutory guidelines and parameters.

**(¶10)** The record further reflects the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code, and advised Appellant regarding post release control. Therefore, the sentences are not clearly and convincingly contrary to law.

**(¶11)** Having determined the sentences are not contrary to law, we must now review the sentences, pursuant to an abuse of discretion standard. *Kalish* at ¶ 4; *State*

*v. Firouzmandi,* supra at ¶ 40. In reviewing the record, we find that the trial court gave careful and substantial deliberation to the relevant statutory considerations.

**(¶12)** The failure to indicate at the sentencing hearing the court has considered the factors in R.C. 2929.11 and 2929.12 does not automatically require reversal. *State v. Reed,* 10th Dist. No. 09AP–1163, 2010–Ohio–5819, ¶ 8. "When the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes." *Id.,* citing *Kalish* at ¶ 18, fn. 4. "The Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett,* 88 Ohio St.3d 208, 215, 2000–Ohio–302.

**(¶13)** Further, the Supreme Court of Ohio held in *State v. Hodge,* 128 Ohio St.3d 1, 2010–Ohio–6320, "For all the foregoing reasons, we hold that the decision of the United States Supreme Court in *Oregon v. Ice* [ (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517], does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster.* Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." See, *State v. Fry,* Delaware App. No. 10CAA090068, 2011–Ohio–2022 at ¶ 16–17.

**(¶14)** At the sentencing hearing in this matter, the trial court stated:

**(¶15)** "In reviewing the Pre-Sentence Investigation Report, I note there are a number of recidivism more than likely factors, and there is one recidivism less likely

factor in that you have had no prior Juvenile Delinquency adjudications, but quite a history, criminal history as an adult.

**(¶16)** "And the Court has considered and weighed those factors, and I am further finding that, in fact, you have served a prior prison term, and that it's appropriate in this case after weighing the seriousness and recidivism factors, it's finding that prison is consistent with the purposes and principles of the Sentencing Statutes and that you are not amenable to the Community Control Sanctions, because it appears to the Court that the prior Courts have tried just about every conceivable Community Control Sanction and you continue to commit crimes.

**(¶17)** "I'm finding that you have the future ability to be employed, and to pay financial sanctions, and further finding based on your prior criminal history and the fact that it appears most of the types of crimes that you are committing, Mr. Bump, are not victimless crimes, that, in fact, your crimes are having an impact on the lives of other individuals, law-abiding citizens.

**(¶18)** "And I am therefore finding that consecutive prison terms in this case are necessary to protect the public and they are not disproportionate to the nature of the crime."

**(¶19)** Tr. at 11-12

**(¶20)** Based on the above, we find the trial court did not abuse its discretion in imposing consecutive sentences. Appellant's sole assignment of error is overruled.

**(¶21)** Appellant's sentence in the Ashland County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Gwin, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                        :
                                     :
        Plaintiff-Appellee           :
                                     :
-vs-                                 :            JUDGMENT ENTRY
                                     :
CHRISTOPHER M. BUMP                   :
                                     :
        Defendant-Appellant          :            Case No. 11-COA-028


        For the reasons stated in our accompanying Opinion, Appellant's sentence in the

Ashland County Court of Common Pleas is affirmed.  Costs to Appellant.



                                          s/ William B. Hoffman_____
                                          HON. WILLIAM B. HOFFMAN


                                          s/ Patricia A. Delaney_____
                                          HON. PATRICIA A. DELANEY


                                          s/ W. Scott Gwin_____
                                          HON. W. SCOTT GWIN