COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A Delaney, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : |  |
| BRYAN A. DAVIS | : | Case No. 20-COA-017 |
|  | : |  |
| Defendant-Appellant | : |  |
|  | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Ashland County Court of Common Pleas, Case No. 19-CRI-201

JUDGMENT:      Affirmed in part; reversed in part; remanded

DATE OF JUDGMENT ENTRY:      February 8, 2021

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNEL
Ashland County Prosecutor
110 Cottage Street, 3rd Floor
Ashland, OH 44806

For Defendant-Appellant

BRIAN A. SMITH
Smith Law Firm
755 White Pond Drive, Ste.403
Akron, OH 44320

*Gwin, P.J.*

{¶1}    Defendant-appellant Bryan A. Davis ["Davis"] appeals his conviction and sentence after entering a negotiated guilty plea in the Ashland County Court of Common Pleas.

*Facts and Procedural History*

{¶2}    On September 13, 2019, the Ashland County Grand Jury indicted Davis on two counts of rape, both first-degree felonies, and two counts of unlawful sexual conduct with a minor, both third-degree felonies, one count of gross sexual imposition, a fourth-degree felony, and one count of kidnapping, a second-degree felony.

{¶3}    On March 23, 2020, Davis entered guilty pleas to Count 1: Rape and Count 3: Unlawful Sexual Conduct with a Minor. The State of Ohio dismissed the remaining counts as part of the plea agreement. The trial court deferred sentencing and ordered the preparation of a Pre-sentence Investigation Report.

{¶4}    On April 27, 2020, the trial court conducted the sentencing hearing. At the sentencing hearing the trial court sentenced Davis to a definite term of 9 years in prison with an indefinite term of up to 13 1/2 years on Count 1 and 12 months in prison on Count 3. The trial court made the statutory findings to order the sentences to be served consecutively to one another for an aggregate term of 10 years. The trial court credited Davis with 270 days served.

*Assignments of Error*

{¶5}    Davis raises four Assignments of Error,

{¶6}    "I.    APPELLANT'S    GUILTY    PLEA    WAS    NOT    KNOWINGLY, VOLUNTARILY,    AND    INTELLIGENTLY    MADE    BECAUSE    APPELLANT    WAS    NOT

ORALLY INFORMED OF HIS RIGHTS UNDER CRIM.R. 11(C), IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶7} "II. APPELLANT'S SENTENCE WAS CONTRARY TO LAW DUE TO THE RAPE AND UNLAWFUL SEXUAL CONDUCT WITH MINOR COUNTS BEING ALLIED OFFENSES OF SIMILAR IMPORT, BUT NOT BEING MERGED FOR PURPOSES OF SENTENCING.

{¶8} "III. BECAUSE THE TRIAL COURT DID NOT PROPERLY NOTIFY APPELLANT OF THE TERMS AND CONDITIONS OF POST-RELEASE CONTROL IN ITS SENTENCING ENTRY, THE TRIAL COURT'S SENTENCE OF APPELLANT WITH RESPECT TO APPELLANT'S POST-RELEASE CONTROL WAS CONTRARY TO LAW.

{¶9} "IV. APPELLANT'S SENTENCE WAS NOT SUPPORTED BY THE RECORD."

I.

{¶10} In his First Assignment of Error, Davis argues that the trial court did not substantially comply with the non-constitutional requirements of Crim.R. 11(C)(2)(b), because during the plea colloquy the trial court failed to advise him that it could proceed to judgment and sentence upon the acceptance of his guilty plea. The state agrees that the trial court failed to advise Davis that it could proceed to judgment and sentence upon the acceptance of his guilty plea.

**Standard of Appellate Review**

{¶11} The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. *See Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473(1962). A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927(1989).

{¶12} Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), *citing State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v. Griggs*, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. [*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the

totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. *See, State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20.

{¶13}  103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶12.

**Issue for Appellate Review**: *Whether Davis can demonstrate that he suffered prejudice as a result of the trial court's failure failed to advise him that it could proceed judgment and sentence upon the acceptance of his guilty pleas*

{¶14}  In the case at bar, Davis entered guilty pleas on March 23, 2020.   The trial court ordered the preparation of a Pre-Sentence Investigation Report and deferred the sentencing hearing to April 27, 2020. Thus, the trial court did not proceed to judgment and sentence upon the acceptance of Davis's guilty plea.

{¶15}   Accordingly, Davis cannot demonstrate, nor does he argue, that but for the trial court's failure to advise him during the change of plea hearing on March 23, 2020, the trial court could immediately proceed to judgment and sentencing he would not have entered his pleas of guilty.

{¶16}  Davis's First Assignment of Error is overruled.

II.

{¶17}  In his Second Assignment of Error, Davis argues the trial court erred in failing to merge the rape and unlawful sexual conduct with minor charges for sentencing because they are allied offenses of similar import. Davis did not ask the trial court to merge the offenses.

**Standard of Appellate Review**

{¶18}  In *State v. Rogers*, 143 Ohio St.3d 385, 2015–Ohio–2459, 38 N.E.3d 860, ¶ 21, the Ohio Supreme Court found that an appellant forfeits his or her allied offenses claim for appellate review by failing to seek the merger of his or her convictions as allied offenses of similar import in the trial court. An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, which is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Id. at ¶3. Moreover, unless an accused shows a reasonable probability that his or her convictions are allied offenses of similar import committed with the same conduct and without a separate animus, he or she cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error. Id.

**Issue for Appellate Review:** *Whether Davis has demonstrated a reasonable probability that his convictions are allied offenses of similar import committed with the same conduct and without a separate animus.*

{¶19}  In the case at bar, Davis raped the victim on the couch. Davis ordered the victim to clean herself in the bathroom after the rape. Davis then attacked the victim a second time by the door of his residence, pinned her hands against the door and penetrated her from behind, Davis ejaculating on the floor.

{¶20}  A defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. Unless an accused shows a reasonable probability that his or her convictions are allied offenses of similar import

committed with the same conduct and without a separate animus, he or she cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015–Ohio–2459, 38 N.E.3d 860, ¶ 21.

{¶21} Davis's convictions involved multiple offenses. The attack and rape on the couch was separate and distinct in time and location from the attack by the door.

{¶22} Davis's Second Assignment of Error is overruled.

### III.

{¶23} In his Third Assignment of Error, Davis argues the trial court erred in improperly advising Davis as to the terms and conditions of post-release control, as required under R.C. 2929.19. Specifically, Davis contends, "Although the trial court properly advised Davis of the terms of post-release control at Davis's sentencing hearing, the trial court's sentencing entry reads as follows: 'The Defendant was advised that if he violates the terms of post-release control, the adult parole authority may impose a more restrictive sanction, or the parole board may return the Defendant to prison for up to nine (9) months, but not more than half of the original prison sentence.' Appendix A, Judgment Entry-Sentencing, April 29, 2020, at A-4. However, the trial court's sentencing entry fails to state that the Adult Parole Authority could return Davis to prison for up to one-half of the original *minimum* prison sentence." Accordingly, Davis argues the term "original prison sentence" is vague, due to the indefinite nature of Davis's sentence, and leaves open the possibility that a future parole board could interpret this clause to mean half of Davis's maximum sentence of 14 1/2 years, or 7 1/4 years, or, at the very least to mean,

half of a non-minimum sentence, which would exceed the maximum additional prison time to which Davis would be subject under R.C. 2967.28(F)(3).

## Standard of Appellate Review

{¶24} "Post-release control is a period of supervision that occurs after a prisoner has served his or her prison sentence and is released from incarceration, during which the individual is subject to specific sanctions with which he or she must comply." *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 35. It is settled that "a trial court has a statutory duty to provide notice of post release control at the sentencing hearing" and that "any sentence imposed without such notification is contrary to law." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23, *superseded by statute as stated in State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 22-23. Concomitantly, because a court is generally said to speak only through its journal, the trial court is "required to incorporate that notice into its journal entry imposing sentence." Id. at ¶ 17. *State v. Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶7.

{¶25} Any error in imposing the post-release control sanction in a defendant's sentence is an error in the exercise of the trial court's jurisdiction that can be objected to at trial and that may be reversible error on direct appeal. However, such an error does not render any part of a defendant's sentence void. *State v. Harper,* 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶41.

**Issue for Appellate Review:** *Whether the trial court provided notice of post release control at the sentencing hearing and correctly incorporated that notice into its journal entry imposing sentence.*

{¶26} In the instant case, we note Davis does not dispute that the trial court correctly notified him of post-release control at the sentencing hearing. [Appellant's Brief at 14]. Davis was notified of the maximum amount of time he could receive in prison for a violation, or for violations, of post-release control—that being up to one-half of his stated minimum prison term. Sentencing Transcript at 17-18.

{¶27} R.C. 2967.28(F)(3) provides in relevant part,

Unless a releasee's stated prison term was reduced pursuant to section 5120.032 of the Revised Code, the period of a prison term that is imposed as a post-release control sanction under this division shall not exceed nine months, and the maximum cumulative prison term for all violations under this division shall not exceed one-half of the definite prison term that was the stated prison term originally imposed upon the offender as part of this sentence or, with respect to a stated non-life felony indefinite prison term, *one-half of the minimum prison term that was imposed as part of that stated prison term originally imposed upon the offender.*

Emphasis added. In the case at bar, the trial court's sentencing entry reads in relevant part,

The Defendant was advised that if he violates the terms of post-release control, the adult parole authority may impose a more restrictive sanction, or the parole board may return the Defendant to prison for up to nine (9) months, but not more *than half of the original prison sentence.*

Emphasis added.  Accordingly, the trial court's judgment entry does not comply with R.C. 2967.28(F)(3).

{¶28}  The Supreme Court of Ohio has explained that "where notification of post-release control was accurately given at the sentencing hearing, an inadvertent failure to incorporate that notice into the [sentencing entry] may be corrected by a nunc pro tunc entry without a new sentencing hearing."  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 30, *citing State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15.

{¶29}  Davis's Third Assignment of Error is sustained.  We remand this case to the trial court to prepare and file a nunc pro tunc sentencing entry that includes an advisement that if Davis violates the terms of post-release control, the adult parole authority may impose a more restrictive sanction, or the parole board may return the Defendant to prison for up to nine (9) months, but not more than one-half of the minimum prison term that was originally imposed upon the Davis.

IV.

{¶30}  In his Fourth Assignment of Error, Davis maintains that his sentence is not supported by competent, credible evidence.

**Standard of Appellate Review.**

{¶31}  We review felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31.   R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D),

2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

{¶32} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477 120 N.E.2d 118.

{¶33} Recently, the Ohio Supreme Court reviewed the issue of "whether a sentence is "contrary to law" under R.C. 2953.08(G)(2)(b) when an appellate court finds that the record does not support a sentence with respect to R.C. 2929.11 and 2929.12." *State v. Jones,* Oh. Sup. Ct. No. 2018-0444, 2020-Ohio-6729, 2020 WL 7409669(Dec. 18, 2020).[1] A plurality of the Court in *Jones* found,

> Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12. In particular, R.C. 2953.08(G)(2) does not permit an appellate court to conduct a freestanding inquiry like the independent sentence evaluation this court must conduct

---

[1] We note that *Jones* was decided after briefs were filed in the case at bar. However, *Jones* does not change the law; rather, *Jones* simply clarifies existing law and precedents.

under R.C. 2929.05(A) when reviewing a death penalty-sentence. *See State v. Hundley*, ⸺ Ohio St.3d ⸺, 2020-Ohio-3775, ⸺ N.E.3d —, ¶ 128 (recognizing that R.C. 2929.05(A) requires de novo review of findings and other issues within its scope).

2020-Ohio-6729, 2020 WL 7409669, ¶ 42. The Court in *Jones* noted that,

R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that "the record does not support the sentencing court's findings under" certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified.

2020-Ohio-6729, 2020 WL 7409669, ¶ 28. The plurality concluded,

R.C. 2953.08(G)(2)(b) therefore does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.

2020-Ohio-6729, 2020 WL 7409669, ¶39.  The Court clarified,

The statements in *Marcum* at ¶ 23 suggesting that it would be "fully consistent" with  R.C. 2953.08(G) for an appellate court to modify or vacate a sentence when the record does not support the sentence under R.C. 2929.11 or  2929.12 were made only in passing and were not essential to this court's legal holding. The statements are therefore dicta.

2020-Ohio-6729, 2020 WL 7409669, ¶ 27.

**Issue for Appellate Review:** *Whether the record clearly and convincing does not support Roberts's sentence.*

{¶34} In *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the court discussed the effect of the *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and ¶ 11, *citing Foster* at ¶ 100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823.

{¶35} "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶ 13, *see also State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1; *State v. Firouzmandi* supra at ¶ 29.

{¶36} Thus, post-*Foster,* "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006–CA–0025, 2006–Ohio–4061; *State v. Delong,* 4th Dist. No. 05CA815, 2006–Ohio–2753 at ¶ 7–8. Therefore, post-*Foster*, trial courts are still required to consider the general guidance factors in their sentencing decisions.

{¶37} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant*, 7th Dist. Mahoning No. 04 MA 252, 2006–Ohio–1469, ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), *citing State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes*, 6th Dist. Wood No. WD–05–024, 2005–Ohio–6405, ¶10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods*, 5th Dist. Richland No. 05 CA 46, 2006–Ohio–1342, ¶ 19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors") (citations omitted); *State v. Taylor,* 5th Dist. Richland No. 17CA29*,* 2017-Ohio-8996, ¶23. In *State v. Bump,* this Court observed,

> The failure to indicate at the sentencing hearing the court has considered the factors in R.C. 2929.11 and 2929.12 does not automatically require reversal. *State v. Reed,* 10th Dist. No. 09AP–1163, 2010–Ohio–5819, ¶ 8. "When the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes." Id., *citing Kalish* at ¶ 18, fn. 4. The Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors. *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000–Ohio–302.

*Bump,* 5th Dist. Ashland No. 11-COA-028, 2012-Ohio-337, ¶12. *See, also, State v. Cyrus,* 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992) ("Nothing in the statute or the decisions of this court imposes any duty on the trial court to set forth its reasoning.").

{¶38} In the case at bar, the trial court considered the PSI and the statements made during the sentencing hearing.

{¶39} We conclude that the trial court did not commit error when it sentenced Davis. Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. While Davis may disagree with the weight given to these factors by the trial judge, Davis's sentence was within the applicable statutory range and therefore, we have no basis for concluding that it is contrary to law. R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones,* Oh. Sup. Ct. No. 2018-0444, 2020-Ohio-6729, 2020 WL 7409669(Dec. 18, 2020), ¶39.

{¶40} Davis's Fourth Assignment of Error is overruled.

{¶41}  The judgment of the Ashland County Court of Common Pleas is affirmed, in part and reversed in part and this matter is remanded to the trial court to prepare and file a nunc pro tunc sentencing entry that includes an advisement that if Davis violates the terms of post-release control, the adult parole authority may impose a more restrictive sanction, or the parole board may return the Defendant to prison for up to nine (9) months, but not more than one-half of the minimum  prison term that was originally imposed upon the Davis.

By Gwin, P.J.,

Delaney, J., and

Wise, E.J., concur

.