[Cite as *State v. Taylor*, 2017-Ohio-8996.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17CA29 |
| LACARIO TAYLOR | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Richland County
                             Court of Common Pleas, Case No.
                             2016CR0240R


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      December 11, 2017


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

GARY BISHOP                           JEFFREY P. UHRICH
Prosecuting Attorney                  P.O. Box 1977
38 South Park Street                  Westerville, OH 43086
Mansfield, OH 44902

*Gwin, P.J.*

{¶1}   Appellant, Lacario Taylor ["Taylor"] appeals from the trial court's sentencing following a finding by the trial court that he violated the terms of his community control.

*Facts and Procedural History*

{¶2}   On October 5, 2016, Taylor was convicted of two counts of having weapons under disability and sentenced to community control.  Taylor signed documents indicating that he understood the rules and conditions of community control.

{¶3}   On February 7, 2017, a Notice of Hearing/Probation Violation was filed with the court.  On March 1, 2017, the trial court conducted a hearing pertaining to the alleged community control violations.  Officer Daniel Myers, a probation officer with Richland County Adult Services, testified on behalf of the State of Ohio.  Myers testified that Taylor violated his community control when he missed office visits, was not staying at his listed residence, and violated curfew.  On the week of January 16, 2017, Taylor left his residence and went to Columbus without the permission of his probation officer.  Taylor's probation officer found text message conversations on Taylor's phone related to drugs and firearms as well as a picture of what his probation officer believed to be drugs.

{¶4}   The trial court found Taylor to have violated the terms and conditions of his community control.  The trial court then imposed a maximum sentence of 36 months in prison.

*Assignment of Error*

{¶5}   Taylor raises one assignment of error,

{¶6}   "I. WHETHER THE TRIAL COURT ERRED IN IMPOSING A MAXIMUM PRISON SENTENCE OF THIRTY-SIX MONTHS FOR A FELONY OF THE THIRD DEGREE."

*Law and Analysis*

**{¶7}** In accordance with R.C. 2953.08(A)(1), Taylor is entitled to appeal as of right the maximum sentence imposed on his conviction.

**{¶8}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015–Ohio–4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

**{¶9}** Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

**{¶10}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477 120 N.E.2d 118.

**R.C. 2929.13(B).**

**{¶11}** R.C. 2929.13(B) applies to one convicted of a fourth or fifth degree felony. Taylor was convicted of a felony of the third degree. Accordingly, R.C. 2929.13(B) does not apply to Taylor's case.

**R.C. 2929.13(D).**

**{¶12}** R.C. 2929.13(D) (1) applies to one convicted of a felony of the first or second degree, for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, and for a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable. Taylor was convicted of Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree. Accordingly, R.C. 2929.13(D) does not apply to Taylor's case.

**R.C. 2929.14 (B)(2)(e).**

**{¶13}** R.C. 2929.14(B)(2)(e) concerns additional prison sentences that a trial court can impose upon a defendant under specified circumstances. Taylor was not given an additional prison sentence.

**R.C. 2929.14 (C)(4) Consecutive Sentences.**

**{¶14}** R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences. Taylor was not given consecutive sentences. Accordingly, R.C. 2929.14(C)(4) does not apply to Taylor's case.

**R.C. 2929.20.**

**{¶15}** R.C. 2929.20 (I) is inapplicable, as Taylor was not applying to the court for judicial release.

**R.C. 2929.11 and R.C. 2929.12 and Maximum Sentences.**

**{¶16}** A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12. *State v. Keith,* 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016–Ohio–5234, ¶ 10, 16.

**{¶17}** The *Marcum* court further noted,

We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

146 Ohio St.3d at ¶23, 2016–Ohio–1002, 59 N.E.3d 123.

**{¶18}** R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using

the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders."  R.C. 2929.11(B).

{¶19}  R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11.  The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶20}  In *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the court discussed the effect of the *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470 decision on felony sentencing.  The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."  *Kalish* at ¶ 1 and ¶11, *citing Foster* at ¶100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823.

{¶21}  "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)."  *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes.  *Kalish* at ¶13,

*see also State v. Mathis*, 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1; *State v. Firouzmandi supra* at ¶ 29.

**{¶22}** Thus, post-*Foster,* "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006–CA–0025, 2006–Ohio–4061; *State v. Delong*, 4th Dist. No. 05CA815, 2006–Ohio–2753 at ¶ 7–8. Therefore, post-*Foster*, trial courts are still required to consider the general guidance factors in their sentencing decisions.

**{¶23}** There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006–Ohio–1469, at ¶60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), *citing State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes*, 6th Dist. No. WD–05–024, 2005–Ohio–6405, ¶10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods*, 5th Dist. No. 05 CA 46, 2006–Ohio–1342, ¶19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

**{¶24}** In the case at bar, the trial court found after hearing the testimony and reviewing the record,

> THE COURT: The most concerning thing and you did do okay. You
> had some ups and downs. Background for Mr. Taylor was that he did have

back in 2014, he had a probation violation in his other case. We extended his probation with Luke Mayer. He was to report with Dave Myers to CAC, but got dropped off there, got argumentative and belligerent. And then he refused to participate in that program.

Refused to cooperate and it came back and then I gave him a six-month sentence on that charge. It could have been a 12-month sentence, but I gave him six months.

So he did do a stint there. Then he ended up getting this case, which occurred after he got out in that case. This is in 2016. This was having a firearm in a vehicle that was stopped for speeding along with some marijuana.

And what he had talked about initially was either like flat term sentence or community control and hang the max over his head and if he messed up we are talking about a 12 month for a plea or community control. I didn't make any promises. He did plead.

I did give him the opportunity. State agreed they wouldn't pursue any new charges against him if he did plead to the weapons under disability. He was told to behave between the change of plea and sentencing.

I did give him the opportunity at three years of community control, but let him know that if he violated it would be more than the 12 months that was originally discussed with him.

And then we just had a sanction back on December 8th, 2016, where he did use THC. We did sanction him $100 in an attempt to work with him. Then we had these issues.

As everybody has reiterated, the most serious part of this is the talk about the guns, the talk about the drugs, the picture of the drugs and then the talk about somebody being killed in Bowling Green and if you provide the weapon to someone who commits a murder, you are just as guilty of murder as the person who, in Ohio law, just as guilty of the murder as the person who pulled the trigger.

I take it very seriously. I will be imposing 36 months in prison. There is three years of discretionary post-release control. If he violates post-release control, he can get an additional 50 percent of his sentence. If he commits a new felony, the greater of one year or the time remaining on post-release control supervision changed into prison. That will be the sentence of the Court.

T. Mar. 1, 2017 at 67-69.

{¶25} Although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding. *State v. Ryan*, 3rd Dist. Union No. 14–06–55, 2007–Ohio–4743, *citing Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Therefore, the minimum due process requirements afforded a defendant in a probation revocation proceeding differ from those in a criminal trial. A community control or probation revocation is not a criminal trial; therefore, appellee is not required to establish a violation of the terms of community control "beyond a reasonable

doubt." *Ryan, supra*, 2007–Ohio–4743, ¶ 7, *citing State v. Hylton*, 75 Ohio App.3d 778, 600 N.E.2d 821 (4th Dist. 1991).  Instead, the state must show "substantial" proof appellant violated the terms of his community control sanctions.  Id. Substantial evidence is akin to a preponderance-of-the-evidence burden of proof.  *State v. Ohly*, 166 Ohio App.3d 808, 2006–Ohio–2353, 853 N.E.2d 675, at ¶ 18, *citing State v. Hayes,* 6th Dist. No. WD–00–075, unreported, 2001 WL 909291 (Aug. 10, 2001).  "Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance."  Id., citations omitted.

**{¶26}**  We find the state demonstrated substantial proof that Taylor violated the terms of his community control.  In the case at bar, the trial judge who conducted the original sentencing hearing heard the evidence that Taylor had violated the terms of his community control sanctions.  That judge considered the testimony, including Taylor's statement, in determining the most appropriate manner to address the violation.

**{¶27}** Accordingly, the trial court considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence.  [R.C. 2929.12].  The trial court has no obligation to state reasons to support its findings.  Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

**{¶28}**  Upon a thorough review, we find the record clearly and convincing supports the sentence imposed by the trial court.  We find the trial court properly considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the applicable factors set forth in R.C. 2929.12, along with all other relevant factors and circumstances.

While Taylor may disagree with the weight given to these factors by the trial judge, Taylor's sentence was within the applicable statutory range for a felony of the third degree and therefore, we have no basis for concluding that it is contrary to law.

{¶29} Taylor's sole assignment of error is overruled.   The judgment of the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J.

Wise, John, J., and

Baldwin, J., concur