[Cite as *State v. Franklin*, 2020-Ohio-3809.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MICHAELL FRANKLIN | : | Case No. CT2020-0009 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. CR2019-0602


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                July 22, 2020


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

TAYLOR P. BENNINGTON                      TODD W. BARSTOW
27 North Fifth Street                     261 West Johnstown Road
P.O. Box 189                              Suite 204
Zanesville, OH  43701                     Columbus, OH  43230

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Michaell Franklin, appeals her February 7, 2020 maximum sentence imposed by the Court of Common Pleas of Muskingum County, Ohio.  Plaintiff-Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On October 15, 2019, the Muskingum County Grand Jury indicted appellant on one count of possession of drugs in violation of R.C. 2925.11, a felony of the fifth degree.  Said charge arose from appellant entering the lobby of the county jail and dropping a "baggy" which contained .14 grams of a Fentanyl-related compound.

{¶ 3}   On January 6, 2020, appellant pled guilty to the charge.  The trial court ordered a presentence investigation report.  By entry filed February 7, 2020, the trial court sentenced appellant to the maximum sentence of twelve months in prison.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 5}   "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY SENTENCING HER IN CONTRAVENTION OF OHIO'S FELONY SENTENCING STATUTES."

I

{¶ 6}   In her sole assignment of error, appellant claims the trial court erred in sentencing her to the maximum sentence of twelve months.  Specifically, appellant claims the trial court failed to fashion a sentence that complies with R.C. 2929.11 and 2929.12.  We disagree.

{¶ 7}   Pursuant to R.C. 2953.08(A)(1), appellant is entitled to appeal as of right the maximum sentence imposed on her conviction.  Under R.C. 2953.08(G)(2), we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.  *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049.

{¶ 8}   "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 9}   As noted by this court in *State v. Taylor,* 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶ 16:

A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth [in] R.C. 2929.12.  *State v.*

*Keith,* 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 10, 16.

{¶ 10} R.C. 2929.11 governs overriding purposes of felony sentencing and states:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing.  The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.  To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 11} R.C. 2929.12 governs factors to consider in felony sentencing. Subsection (A) states the trial court "shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, [and] the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism."

{¶ 12} As noted by this court in *State v. Webb,* 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 17:

Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. (Citations omitted.)

{¶ 13} "The trial court has no obligation to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 19.

{¶ 14} Appellant pled guilty to possession of drugs in the fifth degree. Pursuant to R.C. 2929.14(A)(5), felonies of the fifth degree are punishable by "a definite term of

six, seven, eight, nine, ten, eleven, or twelve months." By entry filed February 7, 2020, the trial court sentenced appellant to the maximum, twelve months in prison. The sentence is not contrary to law.

{¶ 15} At the conclusion of the plea hearing, the trial court ordered a presentence investigation, and discovered appellant's bond had been revoked because she had failed a drug test by using Fentanyl. January 6, 2020 T. at 12-13.

{¶ 16} During the sentencing hearing, the prosecutor informed the trial court of the following (February 5, 2020 T. at 4):

However, in the discussions with Miss Franklin, she seemed to want to set the terms for any type of rehab only so that they would be convenient for her. The State had discussed at length with Mr. Mollica the idea of looking at some different treatment options for Miss Franklin. However, it became clear to the State that the treatment options appear to be a way for her just to avoid the consequences of her actions.

Eventually I think it was settled on, and it was communicated that Miss Franklin just wanted to go ahead and do her time and be done with it. She does have priors for OVI, petty theft, aggravated possession of drugs, illegal use of drug instruments.

The State has concerns for Miss Franklin about her future, her safety, her mental well-being, but at this point we believe that all options for her have been exhausted. She violated terms of her bond.

{¶ 17} Defense counsel did not object to or contest the prosecutor's statements. Defense counsel agreed there are numerous options for appellant to get the help that she needs, but she "has decided that she wants to do those after her prison sentence, and that she wants to do those on her own terms so she can be engaged and not have -- not be forced to do a program that maybe she doesn't want to."  T. at 5.  Defense counsel gave appellant multiple treatment options that she planned to research "while she's in prison and complete one when she gets out."  *Id.*

{¶ 18} The trial court spoke with appellant wherein she admitted that there was a current warrant for her arrest out of Stark County, and she had violated the terms of her bond by testing positive for using drugs.  T. at 6.  She had a prior felony out of Tuscarawas County and was ordered to enroll in a "legitimate drug and alcohol treatment facility" or do thirty days in jail, and she chose the thirty days in jail.  T. at 6-7. Her reason for not seeking treatment was because she was caring for her sick father in Michigan.  T. at 7.  Appellant never went to treatment and failed to appear in court in Tuscarawas County as ordered to do so.  *Id.*  She agreed she had opportunities for treatment, but did not take advantage of them because "[i]t wasn't the right time and place."  T. at 8.  "Based upon the facts and circumstances," the trial court sentenced appellant to twelve months in prison.  *Id.*

{¶ 19} Considering the factors in R.C. 2929.12(D)(2), (3), and (4), it is clear that appellant has a history of criminal convictions, has not responded favorably to sanctions previously imposed, has demonstrated a pattern of drug abuse that is related to her possession of drugs, and has chosen to refuse treatment for the drug abuse.

{¶ 20} In its entry, the trial court noted it considered the record, all statements, and the factors set forth in R.C. 2929.11 and 2929.12.  The trial court found appellant had previously been found guilty of one felony of the fifth degree.  The trial court further stated it "made Judicial Findings that the Defendant has an active warrant, has a felony record and violated conditions of her bond."

{¶ 21} Upon review, we do not find clear and convincing evidence that the record does not support the trial court's findings or that the sentence is contrary to law.  R.C. 2953.08(G)(2).  The sentence is within the statutory range for a felony of the fifth degree, and the trial court considered the R.C. 2929.11 and 2929.12 factors.

{¶ 22} The sole assignment of error is denied.

{¶ 23} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, Scott, P.J. and

Delaney, J. concur.


EEW/db