[Cite as *State v. Gannon*, 2021-Ohio-483.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 20-COA-013 |
| BRIAN GANNON | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Criminal appeal from the Ashland County Court of Common Pleas, Case No. 19-CRI-076

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: February 19, 2021

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
Ashland County Prosecutor's Office
110 Cottage Street, 3rd Floor
Ashland, OH 44805

For Defendant-Appellant

BRIAN A. SMITH
Brian Smith Law Firm
755 White Pond Drive,, Ste. 403
Akron, OH  44320

*Gwin, P.J.*

{¶1}   Defendant-appellant Brian Gannon ["Gannon"] appeals his sentence after a negotiated guilty plea in the Ashland County Court of Common Pleas.

*Facts and Procedural History*

{¶2}   This case arises from Gannon viciously assaulting his elderly mother causing her to be hospitalized for a frontal subdural hematoma, a broken tailbone, and bruising to her neck, face, arms, and wrists.

{¶3}   On April 12, 2019, the Ashland County Grand Jury indicted Gannon with one count of robbery, a second-degree felony, one count of felonious assault, a second-degree felony, one count of abduction, a third-degree felony, one count of domestic violence, a third-degree felony, and one count of grand theft of a motor vehicle, a fourth-degree felony.

{¶4}   On August 19, 2019, Gannon's trial counsel filed a Not Guilty by Reason of Insanity Plea ["NGRI"]. On August 23, 2019, the trial court ordered Gannon to be evaluated under the NGRI plea and for Gannon to be evaluated for his competency to stand trial. On October 23, 2019, the trial court conducted an NGRI/Competency hearing. On October 23, 2019, the trial court found Gannon competent to stand trial. On October 31, 2019, Gannon's trial counsel requested an independent evaluation of Gannon because some of his records were not available for the original evaluation. On November 20, 2019, the trial court ordered a supplemental evaluation and assessment report to be done with Gannon's additional records.

{¶5}   On January 7, 2020, the trial court scheduled a change of plea hearing to be conducted on January 13, 2020. At the January 13, 2020 change of plea hearing

Gannon's trial counsel informed the trial court that he had received and reviewed the additional records requested. Gannon's trial counsel informed the trial court that after reviewing the records it was his belief that they would not affect Gannon's initial evaluation. At the same hearing Gannon entered guilty pleas to the felonious assault, domestic violence, and grand theft of a motor vehicle. After the plea was entered the state dismissed the remaining counts. The trial court ordered a Pre-sentence Investigation report ["PSI"] be prepared and scheduled a sentencing hearing on February 28, 2020.

{¶6} On February 28, 2020, the trial court heard from his trial counsel, Gannon, Mrs. Gannon, and the state regarding sentencing. The trial court reviewed the PSI report, the sentencing guidelines, and the purposes of felony sentencing as established in the Ohio Revised Code. The parties stipulated that Counts Two and Four merged for purposes of sentencing. The trial court sentenced Gannon to serve seven years in prison for the felonious assault and nine months in prison for the grand theft of a motor vehicle. The trial court ordered those two sentences to run concurrent to one another. The trial court gave Gannon 171 days of credit for the time already served.

*Assignment of Error*

{¶7} Gannon raises one Assignment of Error,

{¶8} "I. THE TRIAL COURT'S SENTENCE OF APPELLANT WAS NOT SUPPORTED BY THE RECORD."

*Law and Analysis*

{¶9} In his sole Assignment of Error, Gannon argues that the trial court's sentence of Gannon was not consistent with the principles and purposes of felony sentencing, due, in part, to Gannon's efforts at rehabilitation, the fact that Gannon only

had one felony conviction prior to this case, a 2004 domestic violence conviction in the Ashland County Court of Common Pleas. He further argues that there is no evidence in the record that, despite Gannon's mother's age, that "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim." In addition, Gannon contends there were "substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense," due to Gannon's mental health issues and his mental state at the time of the offenses, and the fact that Gannon showed sincere remorse for the offenses, tried to help his mother after the attack and wrote a letter to the trial court claiming that his actions were not pre-meditated or intentional.

### Standard of Appellate Review.

{¶10} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

{¶11} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the

degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477 120 N.E.2d 118.

{¶12} Recently, the Ohio Supreme Court reviewed the issue of "whether a sentence is "contrary to law" under R.C. 2953.08(G)(2)(b) when an appellate court finds that the record does not support a sentence with respect to R.C. 2929.11 and 2929.12." *State v. Jones,* Oh. Sup. Ct. No. 2018-0444, 2020-Ohio-6729, 2020 WL 7409669(Dec. 18, 2020).[1] A plurality of the Court in *Jones* found,

> Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12. In particular, R.C. 2953.08(G)(2) does not permit an appellate court to conduct a freestanding inquiry like the independent sentence evaluation this court must conduct under R.C. 2929.05(A) when reviewing a death penalty-sentence. *See State v. Hundley*, —— Ohio St.3d ——, 2020-Ohio-3775, —— N.E.3d —, ¶ 128 (recognizing that R.C. 2929.05(A) requires de novo review of findings and other issues within its scope).

2020-Ohio-6729, 2020 WL 7409669, ¶ 42. The Court in *Jones* noted that,

---

[1] We note that *Jones* was decided after briefs were filed in the case at bar. However, *Jones* does not change the law; rather, *Jones* simply clarifies existing law and precedents.

R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that "the record does not support the sentencing court's findings under" certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified.

2020-Ohio-6729, 2020 WL 7409669, ¶ 28. The plurality concluded,

R.C. 2953.08(G)(2)(b) therefore does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.

2020-Ohio-6729, 2020 WL 7409669, ¶39.  The Court clarified,

The statements in *Marcum* at ¶ 23 suggesting that it would be "fully consistent" with R.C. 2953.08(G) for an appellate court to modify or vacate a sentence when the record does not support the sentence under R.C. 2929.11 or 2929.12 were made only in passing and were not essential to this court's legal holding. The statements are therefore dicta.

2020-Ohio-6729, 2020 WL 7409669, ¶ 27.

**Issue for Appellate Review:** *Whether the record clearly and convincing does not support Gannon's sentence under* 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I).

### R.C. 2929.13(B).

{¶13} R.C. 2929.13(B) applies to one convicted of a fourth or fifth degree felony. Gannon was convicted of a fourth-degree felony grand theft of a motor vehicle.

{¶14}   In relevant part the statute provides,

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions *if all of the following apply:*

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) *The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.*

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions that are available for persons sentenced by the court.

Emphasis added. R.C. 2929.13(B)(1)(b) further provides,

(b) *The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:*

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction that is available for persons sentenced by the court.

(v) The offense is a sex offense that is a fourth- or fifth-degree felony violation of any provision of Chapter 2907. of the Revised Code.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vii) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(viii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix) The offender committed the offense for hire or as part of an organized criminal activity.

(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

Emphasis added.

{¶15}  In the case at bar, in addition to grand theft of a motor vehicle, Gannon also plead guilty to felonious assault, a second-degree felony. Accordingly, the court had discretion to impose a prison term for the fourth-degree felony. R.C. 2929.13(B)(1)(a)(ii).

**R.C. 2929.13(C).**

{¶16}  R.C. 2929.13(C) applies to one convicted of a third-degree felony.  This provision therefore does not apply in Gannon's case.

**R.C. 2929.13(D).**

{¶17}   R.C. 2929.13(D) (1) applies to one convicted of a felony of the first or second degree, for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison

term is specified as being applicable, and for a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable. Gannon plead guilty to one count of felonious assault, a second-degree felony.

{¶18} R.C. 2929.13(D)(1) provides that when sentencing for a first or second-degree felony "it is presumed that a prison sentence is necessary in order to comply with the purposes and principles of sentencing." Nonetheless, R.C. 2929.13(D)(2) provides that "[n]otwithstanding the presumption * * * the sentencing court may impose a community control sanction," (emphasis added), but only if the sentencing court finds that a community control sanction would (1) adequately punish the offender and protect the public from future crime, and (2) not demean the seriousness of the offense because the statutory less serious sentencing factors outweigh the more serious factors.

{¶19} Thus, in order to impose a community control sanction in the instant case, the trial court would have been required to find that such a sanction would adequately punish Gannon, that Gannon was less likely to re-offend, and that such a sanction would not demean the seriousness of the offense because Gannon's conduct was less serious than conduct normally constituting the offense. *State v. Morin*, 5th Dist. Fairfield No. 2008–CA–10, 2008–Ohio–6707, 2008 WL 5265857, ¶ 27.

{¶20} In the case at bar, the trial court weighed and considered R.C. 2929.13(D) in Gannon's case and found Gannon failed to overcome the presumption of imprisonment. Sent. T. at 15-16. The trial court found that Gannon's actions constituted a more serious form of the offense. Sent. T. at 16. The PSI report and the statements made during the sentencing hearing indicate Gannon viciously attacked his own elderly

mother by slamming her head against a wall three to four times, throwing her to the ground, banging her head against the floor, threatening to cause her more harm, and then going to get tape to tape her arms in order to throw her in her car. Gannon's attack caused his mother a frontal subdural hematoma, a broken tailbone, and multiple bruising which resulted in her being hospitalized.

### R.C. 2929.14 (B)(2)(e).

{¶21} R.C. 2929.14(B)(2)(e) concerns additional prison sentences that a trial court can impose upon a defendant under specified circumstances. Gannon was not given an additional prison sentence.

### R.C. 2929.14 (C)(4) Consecutive Sentences.

{¶22} This factor is not applicable to Gannon's case.

### R.C. 2929.20.

{¶23} R.C. 2929.20 (I) is inapplicable, as Gannon was not applying to the court for judicial release.

{¶24} In *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the court discussed the effect of the *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and ¶ 11, *citing Foster* at ¶ 100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823.

{¶25} "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶ 13, *see also State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1; *State v. Firouzmandi* supra at ¶ 29.

{¶26} Thus, post-*Foster,* "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006–CA–0025, 2006–Ohio–4061; *State v. Delong,* 4th Dist. No. 05CA815, 2006–Ohio–2753 at ¶ 7–8. Therefore, post-*Foster*, trial courts are still required to consider the general guidance factors in their sentencing decisions.

{¶27} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant*, 7th Dist. Mahoning No. 04 MA 252, 2006–Ohio–1469, ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), *citing State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes*, 6th Dist. Wood No. WD–05–024, 2005–Ohio–6405, ¶10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods*, 5th Dist. Richland No. 05 CA 46, 2006–Ohio–1342, ¶ 19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered

the applicable seriousness and recidivism factors") (citations omitted); *State v. Taylor,* 5th Dist. Richland No. 17CA29*,* 2017-Ohio-8996, ¶23. In *State v. Bump,* this Court observed,

> The failure to indicate at the sentencing hearing the court has considered the factors in R.C. 2929.11 and 2929.12 does not automatically require reversal. *State v. Reed,* 10th Dist. No. 09AP–1163, 2010–Ohio–5819, ¶ 8. "When the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes." Id., *citing Kalish* at ¶ 18, fn. 4. The Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors. *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000–Ohio–302.

*Bump,* 5th Dist. Ashland No. 11-COA-028, 2012-Ohio-337, ¶12. *See, also, State v. Cyrus,* 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992) ("Nothing in the statute or the decisions of this court imposes any duty on the trial court to set forth its reasoning.").

{¶28} In the case at bar, the trial court considered the PSI and the statements made during the sentencing hearing by Gannon and his mother.

{¶29} We conclude that the trial court did not commit error when it sentenced Gannon. Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. While Gannon may disagree with the weight given to these factors by the trial judge, Gannon's sentence was within the applicable statutory range and therefore, we have no basis for concluding that it is contrary to law. R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to

modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones,* Oh. Sup. Ct. No. 2018-0444, 2020-Ohio-6729, 2020 WL 7409669(Dec. 18, 2020), ¶39.

{¶30} Gannon's sole Assignment of Error is overruled.

{¶31} The Judgment of the Ashland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur