[Cite as *State v. Arnder*, 2022-Ohio-481.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JOHN A. ARNDER | : | Case No. 2021 AP 06 0012 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2020 CR 06 0247

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      February 18, 2022

APPEARANCES:

For Plaintiff-Appellee

KRISTINE W. BEARD
125 East High Avenue
New Philadelphia, OH  44663

For Defendant-Appellant

JACOB T. WILL
121 South Main Street
Suite 520
Akron, OH  44308

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant, John Arnder, appeals his May 6, 2021 conviction and sentence by the Court of Common Pleas of Tuscarawas County, Ohio.  Plaintiff-Appellee is state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On June 26, 2020, the Tuscarawas County Grand Jury indicted appellant on two counts of aggravated trafficking in drugs in violation of R.C. 2925.03 and two counts of corrupting another with drugs in violation of R.C. 2925.02.  Said charges arose after the overdose death of Johnathan Brinkman.

{¶ 3}   A jury trial commenced on March 16, 2021.  The jury found appellant guilty of the trafficking counts and not guilty of the corrupting counts.  By judgment entry filed May 6, 2021, the trial court merged the trafficking counts and sentenced appellant to twelve months in prison.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5}   "THE JURY'S FINDING OF GUILTY AS TO THE OFFENSES OF TRAFFICKING IN DRUGS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

II

{¶ 6}   "APPELLANT'S CONVICTIONS FOR TRAFFICKING IN DRUGS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE IN VIOLATION OF THE DUE

PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION."

III

{¶ 7}   "THE TRIAL COURT'S IMPOSITION OF THE MAXIMUM SENTENCE FOR A FELONY TRAFFICKING IN DRUGS WAS NOT SUPPORTED BY THE RECORD OR THE COURT'S FINDINGS."

I, II

{¶ 8}   In his first and second assignments of error, appellant claims his convictions were against the manifest weight and sufficiency of the evidence.  We disagree.

{¶ 9}   On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  *See also State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).  The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."  *Martin* at 175.

{¶ 10} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.  *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable

doubt." *Id.* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶ 11} Appellant was convicted of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1) which states: "No person shall knowingly * * * [s]ell or offer to sell a controlled substance or a controlled substance analog."

{¶ 12} The jury heard testimony from several witnesses. Jason Brinkman, father of the deceased, testified his son was staying in his home and he saw his son at 3:30 a.m. and everything appeared normal. T. at 117. He next saw his son at 7:00/7:30 a.m. in a condition that prompted him to call for emergency help. T. at 119.

{¶ 13} Tuscarawas County Coroner Investigator Catherine Clark testified to taking blood samples from the deceased and the procedures involved in sending the samples to a lab for testing. T. at 125-129.

{¶ 14} Forensic toxicologist Kevin Shanks testified to the procedures involved in receiving, testing, and interpreting blood samples. T. at 140-147. He testified the blood samples from the deceased contained fentanyl and carfentanil, as well as a cocaine metabolite and benzodiazepine. T. at 154-156, 159-161; State's Exhibit B. He explained over the last several years, both fentanyl and carfentanil "have been found in the street heroin supply." T. at 154. The fentanyl and carfentanil together would have a "synergistic effect" (exaggerated effect) making the combination of the two drugs "more powerful than the sum of the two drugs." T. at 158-159.

{¶ 15} Tuscarawas County Coroner Jeff Cameron testified the deceased's cause of death was respiratory failure and fentanyl and carfentanil intoxication. T. at 176; State's Exhibit D. He stated the presence of these two drugs are "extremely potent synthetic

opioids, which cause central nervous system depression." *Id.* He explained "[e]ssentially the brainstem gets turned off, the patient stops breathing, respiratory failure leads to cerebral hypoxia or lack of oxygen to the brain and within a few minutes the patient is dead." T. at 176-177. He was one hundred percent certain the deceased's cause of death was from the combination of the synthetic opioids of fentanyl and carfentanil. T. at 177-178.

{¶ 16} New Philadelphia Detective Captain Shawn Nelson testified to investigating the matter. He obtained information that led him to appellant as the seller of "the narcotics on the night in question." T. at 184. Detective Nelson interviewed appellant and the taped interview was played for the jury. T. at 188; State's Exhibit E. During the interview, appellant admitted to buying a gram of heroin, dividing it, and selling "a twenty" to the deceased. When he first went to the deceased's home, the deceased stated he did not have any money. When appellant returned around 3:30/4:00 a.m., the deceased had the money and the sale was conducted through an open window of the home. No drugs were recovered from the bedroom. T. at 198.

{¶ 17} Kelsey Couts, the deceased's girlfriend, was called by the defense. She testified she was sleeping in the deceased's bedroom when his father entered the bedroom around 7:00/7:30 a.m. and she then observed the deceased on the floor. T. at 208, 211. She noticed $300 was missing from her purse. T. at 209, 215. She testified the deceased would often take her debit card or money while she was sleeping, "it was constant with him." *Id.* The deceased hid his drug use from her. T. at 210.

{¶ 18} In his appellate brief at 10, appellant argues the state "presented no evidence showing, or even suggesting, that Mr. Arnder sold fentanyl, carfantanil, or a

mixture of the two" to the deceased. He further argues there is no way to connect him to the substances found in the deceased. Appellant's Brief at 11.

{¶ 19} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). We note circumstantial evidence is that which can be "inferred from reasonably and justifiably connected facts." *State v. Fairbanks,* 32 Ohio St.2d 34, 289 N.E.2d 352 (1972), paragraph five of the syllabus. "[C]ircumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio St.3d 353, 1992-Ohio-44, 595 N.E.2d 915. It is to be given the same weight and deference as direct evidence. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).

{¶ 20} The jury heard appellant admit to purchasing a gram of heroin, dividing it, and selling some to the deceased just prior to his death. The deceased's girlfriend testified to money being missing from her purse. Both fentanyl and carfentanil have been found in the street heroin supply. The deceased died from fentanyl and carfentanil intoxication. No drugs were found in the deceased's bedroom.

{¶ 21} Based upon both the direct and circumstantial evidence, we find sufficient evidence, if believed, to support the conviction, and do not find any manifest miscarriage of justice.

{¶ 22} Assignments of Error I and II are denied.

III

{¶ 23} In his third assignment of error, appellant claims the trial court erred in imposing the maximum sentence for a felony in the fifth degree.  We disagree.

{¶ 24} Pursuant to R.C. 2953.08(A)(1), appellant is entitled to appeal as of right the maximum sentence imposed on his conviction.  Under R.C. 2953.08(G)(2), we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or  2929.20(I), or the sentence is otherwise contrary to law.  *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049.

{¶ 25} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 26} As noted by this court in *State v. Taylor,* 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶ 16:

A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the

seriousness and recidivism factors set forth [in] R.C. 2929.12. *State v. Keith,* 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 10, 16.

{¶ 27} R.C. 2929.11 governs overriding purposes of felony sentencing and states:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 28} R.C. 2929.12 governs factors to consider in felony sentencing. Subsection (A) states the trial court "shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, [and] the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism."

{¶ 29} As noted by this court in *State v. Webb,* 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 17:

> Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. (Citations omitted.)

{¶ 30} "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

{¶ 31} Appellant was found guilty of aggravated trafficking in drugs in the fifth degree. Pursuant to R.C. 2929.14(A)(5), felonies of the fifth degree are punishable by "a definite term of six, seven, eight, nine, ten, eleven, or twelve months." By judgment entry

filed May 6, 2021, the trial court sentenced appellant to the maximum, twelve months in prison. The sentence is not contrary to law.

{¶ 32} During the sentencing hearing, the trial court recited appellant's extensive criminal history which included prior imprisonment for trafficking offenses. May 5, 2021 T. at 10-12.

{¶ 33} In its judgment entry, the trial court noted it considered the record, all statements, and the factors set forth in R.C. 2929.11 and 2929.12. The trial court found the deceased suffered serious physical harm (death), appellant was out on bail before trial when the offense was committed, appellant had prior adjudications of delinquency and a prior history of criminal convictions including numerous drug offenses, appellant has failed to respond favorably to past sanctions, including incarceration for trafficking in drugs, appellant has demonstrated a pattern of drug and/or alcohol abuse that is related to the offense and fails to acknowledge the pattern of drug and/or alcohol abuse or refuses treatment, appellant has been scored as "very high risk" to reoffend, and appellant was non-compliant with pretrial release supervision. The trial court further stated the R.C. 2929.12 factors indicate "recidivism is more likely" than less likely, the increasing seriousness factors outweigh the decreasing seriousness factors, a prison term is consistent with the purposes and principles of sentencing, and appellant is not amenable to available community control sanctions.

{¶ 34} Upon review, we do not find clear and convincing evidence that the record does not support the trial court's findings or that the sentence is contrary to law. R.C. 2953.08(G)(2). The sentence is within the statutory range for a felony of the fifth degree, and the trial court considered the R.C. 2929.11 and 2929.12 factors.

{¶ 35} Assignment of Error III is denied.

{¶ 36} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Hoffman, J. and

Wise, John, J. concur.

EEW/db